# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EDGEFIELD HOLDINGS, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>ANNETTE MASON, individually and as trustee, JAMIE MASON HAMIL, KEITH W. MASON, LONE PINE, INC., MASON CAPITAL, LLC, and THE MASON FAMILY TRUST,<br><br>     Defendants. | 1:15-cv-2481-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Edgefield Holdings, LLC's ("Plaintiff") Motion for Temporary Restraining Order [4] (the "Motion").

## I.  BACKGROUND

On July 13, 2015, Plaintiff filed its Complaint [1] against the above-captioned Defendants. Plaintiff asserts that during the period 2007 to 2009, Wayne H. Mason ("W. Mason") transferred property worth approximately $150 million to the Defendants (the "Property").[1] (Complaint ¶ 1). Plaintiff

---

[1] Plaintiff asserts that Defendant Annette Mason is W. Mason's wife, Defendant Jamie Mason Hamil is W. Mason's daughter, Defendant Keith Mason Hamil is W. Mason's son, and that W. Mason is the 100% owner of Defendant

claims that these transfers were made in violation of the Georgia Uniform Voidable Transfers Act and are fraudulent transfers under Georgia common law. (Id.). Plaintiff seeks to recover these alleged fraudulent transfers so the Property is available to satisfy two judgments against W. Mason, that Plaintiff purchased in 2015.[2]

Concurrent with the filing of its Complaint, Plaintiff filed the Motion, requesting the Court to issue a temporary restraining order ("TRO") against the Defendants "to prevent the transfer of millions of dollars in corporate interests, real estate holdings, securities, and cash . . . ." (Motion at 2).[3] In support of its Motion, Plaintiff submitted the Declarations of Ronald S. Leventhal and Mark R. King.[4]

---

Lone Pine, Inc. and a member of Defendant Mason Capital, LLC, and that the Mason Family Trust is a trust benefiting W. Mason's family. (Complaint ¶ 1).
[2] Plaintiff asserts that, on June 11, 2014, Great Oak Pool I, LLC ("Great Oak") obtained a judgment against W. Mason in the amount of $1,009,617.12, and that Plaintiff purchased this judgment from Great Oak on or about April 17, 2015. (Complaint ¶ 30). Plaintiff asserts further that, on September 25, 2009, the Federal Deposit Insurance Corporation ("FDIC") took over Georgian Bank, the original holder of one of W. Mason's guaranties. (Id. ¶ 31). Plaintiff asserts further that, the FDIC transferred the guaranty to First Citizens Bank and Trust Company ("First Citizens"). (Id.). Plaintiff asserts further that on October 16, 2014, First Citizens obtained a judgment against W. Mason in the amount of $5,000,000, and that Plaintiff purchased this judgment from First Citizens on or about April 30, 2015. (Id.).
[3] Plaintiff essentially seeks to enjoin the Defendants from further transferring or encumbering the Property.
[4] Attached as Exhibits 1 and 2 of the Motion.

On July 13, 2015, the Court held an *ex parte* hearing with counsel for Plaintiff to address Plaintiff's request for an *ex parte* TRO. After reviewing the submissions and considering the arguments of counsel for Plaintiff, the Court denied Plaintiff's application for an *ex parte* TRO, but ordered counsel for Plaintiff to provide notice of the pending Motion to the Defendants and advise them of the hearing on the TRO which the Court scheduled for July 15, 2015.

On July 15, 2015, the Court held a hearing on the Motion. Plaintiff, in addition to the Declarations submitted with its Motion, presented testimony from Mark R. King at the hearing.

**II.   DISCUSSION**

    A.   <u>Legal Standard for a Temporary Restraining Order</u>

To be eligible for a temporary restraining order or preliminary injunctive relief under Rule 65, a movant must establish each of the following elements: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. See <u>Schiavo ex rel. Schindler v. Schiavo</u>, 403 F.3d 1223, 1225-26 (11th Cir. 2005); <u>Parker v. State Bd. of Pardons and Paroles,</u> 275 F.3d 1032, 1034-35 (11th Cir. 2001). Preliminary injunctive relief is a drastic and

extraordinary remedy which should not be granted unless the movant can clearly establish each of the four elements. Four Seasons Hotels and Resorts v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003).[5]

B. Fraudulent Transfer Claims

Plaintiff raises four claims under Georgia's Uniform Voidable Transfers Act, O.C.G.A. § 18-2-70 *et seq.* (the "UVTA"). Count One of Plaintiff's Complaint is brought pursuant to O.C.G.A. § 18-2-74(a)(1), which provides that:

> a transfer . . . made by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made . . . if the debtor made the transfer . . . [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor.

O.C.G.A. § 18-2-74(a)(1). Count Two of Plaintiff's Complaint is brought pursuant to O.C.G.A. § 18-2-74(a)(2), which provides that:

> a transfer . . . made by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made . . . if

---

[5] The elements for a temporary restraining order are essentially the same as for a preliminary injunction, except that "[t]he motion must be supported by allegations . . . that such [irreparable] injury is so imminent that notice and hearing would be impractical if not impossible." Hernandez v. Board of Regents, 1997 WL 391800, *1 (M.D. Fla. 1997) (quoting Chase Manhattan Bank v. Dime Savings Bank of New York, 961 F. Supp. 275, 276 (M.D. Fla. 1997)). Temporary restraining orders are "designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." 11A Wright & Miller, Federal Practice & Procedure: Civ.2d § 2951. In this case, Plaintiff is not required to establish that irreparable injury is "imminent," because Defendants had notice, albeit very short, of the request for injunctive relief and had the opportunity to respond.

4

> the debtor made the transfer . . . [w]ithout receiving a reasonably equivalent value in exchange for the transfer[,] and the debtor: (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (B) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

O.C.G.A. § 18-2-74(a)(2). Count Three of Plaintiff's Complaint is brought pursuant to O.C.G.A. § 18-2-75(a), which provides that a:

> transfer made . . . by a debtor is voidable as to a creditor whose claim arose before the transfer was made . . . if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer

O.C.G.A. § 18-2-75(a). Count Four of Plaintiff's Complaint is brought pursuant to O.C.G.A. § 18-2-75(b), which provides that a:

> transfer made by a debtor is voidable as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent

O.C.G.A. § 18-2-75(b). Counts Five and Six of Plaintiff's Complaint are common law fraudulent transfer claims.

    C.    <u>Analysis</u>

The Court, after considering the Declarations submitted by Plaintiff in support of the Motion and Mr. King's testimony presented at the July 15, 2015,

5

hearing, denies Plaintiff's application for a TRO. Plaintiff did not present evidence of the specific Property the transfer or encumbrance of which it seeks to restrain. The Court notes further that Plaintiff did not present any evidence regarding W. Mason's specific intent at the time the Property was transferred, the terms or circumstances of the transfer, and whether there was consideration for them, and, if so, in what amount.

The Court notes also that Plaintiff did not present any evidence to justify its conclusory arguments that, absent a TRO, the Defendants will seek to dissipate or encumber the Property, or that the Defendants still possess the Property. Absent such evidence, Plaintiff cannot "clearly establish" that it will suffer irreparable injury if a TRO is not granted. See Four Seasons Hotels and Resorts, 320 F.3d at 1210; Schiavo, 403 F.3d at 1225-26.

The Court notes next that Plaintiff did not present any evidence to clearly establish that the threatened, but unproven, injury from disposal of the Property by the Defendants would outweigh any potential harm to Defendants if the Court were to enjoin Defendants from utilizing assets these assets. See Four Seasons Hotels and Resorts, 320 F.3d at 1210; Schiavo, 403 F.3d at 1225-26.

The Court, accordingly, concludes that Plaintiff has failed to satisfy its burden to prove that it is entitled to a TRO.[6]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Edgefield Holdings, LLC's Motion for Temporary Restraining Order [4] is **DENIED**.

---

[6] The Court notes that O.C.G.A. § 18-2-79 sets forth the statute of limitations for actions brought pursuant to the UVTA. Claims brought pursuant to O.C.G.A. § 18-2-74(a)(1) must be brought within four years after the transfer was made or "within one year after the transfer or obligation was or could reasonably have been discovered by the claimant." O.C.G.A. § 18-2-79(1). This applies to Count One of Plaintiff's Complaint. Claims brought pursuant to O.C.G.A. § 18-2-74(a)(2) or O.C.G.A. § 18-2-75(a) must be brought within four years after the transfer was made. O.C.G.A. § 18-2-79(2). This applies to Counts Two and Three of Plaintiff's Complaint. Claims brought pursuant to O.C.G.A. § 18-2-75(2) must be brought within one year after the transfer was made. O.C.G.A. § 18-2-79(3). This applies to Count Four of Plaintiff's Complaint. Plaintiff, at the July 15, 2015, hearing, asserted, with regard to the judgment obtained from First Citizens, that the "extender statute" of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 applies. The Court does not opine on that argument at this time, and will address it if, and when, it is raised by the Defendants. The Court notes further that Mr. King's testimony at the July 15, 2015, hearing mainly addressed the statute of limitations issues identified by the Court, and consisted of mixed factual and legal interpretation testimony of the financial documents Mr. King reviewed after Plaintiff acquired the two judgments. The Court found Mr. King's testimony to be insufficiently reliable to grant Plaintiff a TRO, and notes that Plaintiff did not call any other witnesses, including creditors of W. Mason, to offer evidence of W. Mason's intent at the time of the transfers, or any other information that would have allowed the Court to conclude that a TRO was warranted.

**SO ORDERED** this 15th day of July, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE