FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 27 2015

JAMES N. HATTEN, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EDGEFIELD HOLDINGS, LLC, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | |
| | ) | Case No. 15-cv-2481 |
| vs. | ) | |
| | ) | |
| ANNETTE MASON, individually and as | ) | |
| trustee, JAMIE MASON HAMIL, | ) | |
| K.W. MASON COMPANY, INC., | ) | |
| LONE PINE, INC., | ) | |
| MASON CAPITAL, LLC, and | ) | |
| THE MASON FAMILY TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] PRELIMINARY SCHEDULING ORDER REGARDING DISCOVERY

WHEREAS, on July 15, 2015, the Court held a hearing with respect to the request by Plaintiff Edgefield Holdings, LLC ("Plaintiff") for an order of attachment, temporary restraining order, preliminary injunction, and expedited discovery (the "Motion") in the above-captioned proceeding;

WHEREAS, the Court denied Plaintiff's Motion during said hearing as to its request for an order for attachment and temporary restraining order;

WHEREAS, the Court continued the hearing on Plaintiff's request for a preliminary injunction; and

20486774v.1

WHEREAS, the Court has ordered expedited discovery in this matter, and, in the interests of time and efficiency, the parties have submitted this preliminary scheduling order before submission of their Joint Preliminary Report and Discovery Plan and before satisfaction of the other requirements of Local Rule 16;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. <u>Fact Discovery</u>: Plaintiff and Defendants shall conduct discovery pursuant to the following schedule:

   a. *Initiation of Discovery.* Discovery shall commence on July 15, 2015 (the "<u>Start Date</u>"), *nunc pro tunc.*

   b. *Discovery Scope.* The parties may immediately engage in expedited discovery. Regarding the scope of discovery, the Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense pursuant to Fed. R. Civ. P. 26.

   c. *Discovery Period; Time for Responses.* Pursuant to this Court's direction during the Hearing of July 15, 2015, the discovery period shall last for a period of four months from the Start Date. Plaintiff and Defendants shall serve written responses within twenty-one (21) days after any discovery requests are served. Responses to discovery requests shall otherwise be in compliance with the applicable Federal Rules of Civil Procedure (including Fed. R. Civ. P. 6 and 26),

the Local Rules, and the Standing Order Regarding Civil Litigation applicable to all civil actions assigned to Judge William S. Duffey, Jr. (the "Standing Order").

  d. *Third Party Requests*. Any third party served with this Order and a party's discovery requests is directed to respond to such requests within fourteen (14) days of receipt, subject to the third party's and/or a party's rights provided for in Fed. R. Civ. P. 45.

  e. *Fact discovery witnesses*. In order that depositions may be scheduled, the parties shall identify all fact witnesses, of whom the parties are then aware, and which are expected to be called at the Preliminary Injunction Hearing (as defined *infra*) on or before September 28, 2015 (the "Witness Designation Date").

    i. Designation of a witness shall not preclude any party from later withdrawing that witness for purposes of the Preliminary Injunction Hearing.

    ii. To the extent any party seeks to add a fact witness after the Witness Designation Date that was not otherwise disclosed by another party as a witness, and that party's failure to designate such witness before the Witness Designation Date occurred despite that party's good faith due diligence in identifying its fact witness(es), that party shall meet and confer in good faith with

20486774v.1

the other parties as to whether such parties have sufficient time to conduct discovery and whether adding such witness shall otherwise affect the schedule set forth in this Order. To the extent any other party contests the additional fact witness, the party seeking to add such witness shall seek appropriate relief from this Court. In the event it is shown that the party failing to disclose the undisclosed fact witness by the Witness Designation Date was aware of such fact witness and the failure to disclose was intentional or in bad faith, then such undisclosed witness shall be precluded from testifying at the Preliminary Injunction Hearing.

   f. *Completion of Fact Discovery.* Fact discovery shall be completed on November 16, 2015.

   g. *Expert Discovery.* Discovery regarding expert witnesses shall be in compliance with Fed. R. Civ. P. 26, Local Rule 26.2(C) and the Standing Order. For purposes of this expedited proceeding, the following deadlines shall apply with respect to expert witnesses:

     i. *Expert designation.* On or before October 15, 2015 (30 days prior to the close of fact discovery), Plaintiff shall identify and disclose to all other parties any and all experts they intend on using for expert report(s) and/or testimony at the Preliminary Injunction Hearing. Defendants shall identify and disclose to all other parties any and all experts they intend on using for expert

report(s) and/or testimony at the Preliminary Injunction Hearing by October 22, 2015.

    ii. *Expert reports.* On or before December 4, 2015 (three weeks after the close of fact discovery), all parties shall serve on all other parties any expert reports with respect to Plaintiff's request for preliminary injunction.

    iii. *Expert depositions.* All deposition of any experts to be called at the Preliminary Injunction Hearing shall be completed on or before December 18, 2015 (five weeks after the close of fact discovery).

  2. <u>Hearing and Schedule on Preliminary Injunction Hearing</u>:

   a. *Preliminary Injunction Hearing Date.* The Preliminary Injunction Hearing shall be held on the date(s) as set by the Court (the "<u>Preliminary Injunction Hearing</u>").

   b. *Briefing.* The Court shall set the briefing schedule by separate order. Subject to such order to be entered by the Court, any supplemental brief in support of the preliminary injunction shall be limited to thirty (30) pages, unless such page limitations are extended by the Court upon a party's motion. Any brief in opposition to the preliminary injunction shall be limited to thirty (30) pages, unless such page limitations are extended by the Court upon a party's motion. Any reply brief in support of the preliminary injunction shall be limited to fifteen (15)

pages, unless such page limitations are extended by the Court upon a party's motion. No further briefing shall be filed without leave of Court.

      c.    *Post Hearing Submissions.* All parties-in-interest shall file any proposed findings of fact and conclusions of law and post-hearing briefs, if any, as requested by the Court.

3.    <u>Counting of Days</u>. Fed. R. Civ. P. 6. shall control the computation, extension, and addition of time under this Order. Additionally, where any hearing date falls on a weekend or legal holiday, then such hearing date shall be set for the next regular business day.

4.    <u>Modification of Order</u>: The Court may, in order to prevent manifest injustice; for good cause shown; by consent of the parties; upon application of counsel for any party, made in good faith; or upon motion of the Court, modify this Order upon such conditions as the Court may deem just and proper.

5.    <u>No Prejudice</u>: This Order is entered without prejudice to any party's substantive rights and/or right to make any objections or arguments relating to the Joint Preliminary Report and Discovery Plan and any matters related thereto. The parties anticipate that other orders may be necessary in this matter, including but not limited to an order regarding the protection of confidential information.

[Signature on Next Page]

SO ORDERED:

_____/s/ William S. Duffey_____
Hon. William S. Duffey, Jr.
United States District Judge
Northern District of Georgia

Dated: July 27, 2015

Time: _____

Presented by:

/s/ Shuman Sohrn
Shuman Sohrn
Georgia Bar No. 143104
SEYFARTH SHAW LLP
1075 Peachtree Street, Suite 2500
Atlanta, Georgia 30309
404-888-1887
ssohrn@seyfarth.com
Counsel for Plaintiff

Consented to by:

/s/ Roy Barnes
The Barnes Law Group, LLC
31 Atlanta Street
Marietta, GA 30060
770-227-6375
Roy@barneslawgroup.com
Counsel for Defendants


/s/ Gerald Davidson, Jr.
Mahaffey Pickens Tucker, LLP
Suite 125
1550 North Brown Road
Lawrenceville, GA 30043
770-232-0000
gdavidson@mptlawfirm.com
Counsel for Defendants

20486774v.1