# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EDGEFIELD HOLDINGS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ANNETTE MASON, *et al.*, <br><br> Defendants. | CIVIL ACTION CASE <br> NO. 15-cv-2481-WSD |

## OBJECTIONS AND RESPONSES
## TO PLAINTIFF'S THIRD-PARTY
## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Dentons US LLP ("Dentons") serves the following objections and responses to Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena").

## GENERAL OBJECTIONS

A. Dentons objects to paragraph 1 of Plaintiff's Definitions and Instructions to the extent, applied literally, said paragraph would require the production of documents outside of Dentons' possession, custody or control.

B. Dentons objects to the Subpoena to the extent Plaintiff seeks documents and/or information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other privilege or protection

recognized under applicable substantive and procedural law and/or applicable ethics rules (collectively, "Privileged Documents"). Dentons will only produce Privileged Documents upon the written consent, in a form satisfactory to Dentons, of its client, Wayne Mason, or any other client of Dentons, or its predecessor McKenna Long & Aldridge LLP ("MLA"), whose documents, files or other records might be responsive to the Subpoena. Dentons further notes that under applicable rules of professional conduct, client files belong to the client, not Dentons.

C. Dentons objects to the Subpoena to the extent that Plaintiff seeks the production of any electronically-stored information in native format or the production of metadata.

D. Dentons objects to the Subpoena to the extent Plaintiff seeks the disclosure of sensitive, confidential, and/or proprietary business documents and/or information of Dentons.

E. Dentons objects to the Subpoena to the extent that identifying responsive documents and protecting Dentons' obligations with respect to Privileged Documents will require Dentons' attorneys to devote substantial time to reviewing documents; therefore, Dentons prays that, as a condition to its compliance with the Subpoena, Plaintiff be required to reimburse Dentons for the time expended by its attorneys at their normal hourly billing rates.

F. Dentons objects to the Subpoena, including, without limitation, the definition of "concerning" in paragraph 45 of Plaintiff's Definitions and Instructions, on the grounds that (1) the Subpoena is overly broad and/or unduly burdensome given the nature of this case, the number of entities about which Plaintiff seeks documents, and Dentons' status as a non-party; (2) upon information and belief, some of the documents requested are already in Plaintiff's possession or publicly available; (3) the Subpoena is duplicative of discovery already taken and/or obtained by parties or third parties in this case; (4) the Subpoena is unduly burdensome in light of the costs imposed on Dentons as weighed against Plaintiff's need for the information; and/or (5) the Subpoena requires Dentons to make an unreasonable and unduly burdensome investigation and fails to allow a reasonable time for compliance.

G. Dentons objects to paragraph 46 of Plaintiff's Definitions and Instructions on the grounds that the Federal Rules of Civil Procedure do not require the written statement described in said paragraph.

H. Dentons objects to paragraph 47 of Plaintiff's Definitions and Instructions on the grounds that the Federal Rules of Civil Procedure do not require such a response.

## RESPONSES

Subject to and without waiving the foregoing general objections, which

Dentons incorporates by reference in each paragraph below and which should be deemed as limiting each response, Dentons responds to the numbered paragraphs of the Subpoena's Requests for Production as follows:

1. Dentons objects to paragraph 1 on the grounds that it is unduly broad and burdensome, is impermissibly vague and does not describe the documents Plaintiff seeks with reasonable particularity, and is duplicative of paragraphs 2 through 41. Subject to these and its general objections, Dentons states that, to the best of its knowledge, information and belief, the only responsive, non-privileged documents in Dentons' possession, custody or control, will be produced in response to other paragraphs of the Subpoena.

2. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

3. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

4. Dentons objects to paragraph 4 of the Subpoena on the grounds that it is unduly broad and burdensome, impermissibly vague and does not describe the documents Plaintiff seeks with reasonable particularity, and encompasses documents that have no conceivable relevance to the transactions at issue in Plaintiff's Complaint, as amended, and are not calculated to lead to the discovery of admissible evidence.

5. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

6. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

7. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

8. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

9. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

10. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

11. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

12. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

13. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

14. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

15. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

16. Dentons objects to paragraph 16 on the grounds that it is unduly broad and burdensome, impermissibly vague and does not describe the documents Plaintiff seeks with reasonable particularity, and encompasses documents that have no conceivable relevance to the transactions at issue in Plaintiff's Complaint, as amended, and are not calculated to lead to the discovery of admissible evidence.

17. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

18. Dentons objects to paragraph 18 on the grounds that it is unduly broad and burdensome, impermissibly vague and does not describe the documents Plaintiff seeks with reasonable particularity, and encompasses documents that have no conceivable relevance to the transactions at issue in Plaintiff's Complaint, as amended, and are not calculated to lead to the discovery of admissible evidence. Dentons further notes that Keith Mason has been a partner at Dentons or its first predecessor throughout the 10-year time period contemplated by the Subpoena and, construed literally, paragraph 18 would encompass every e-mail, letter or other document concerning any legal or other matter in which Mr. Mason has been involved as counsel since 2005.

19. Dentons will produce any responsive, non-privileged documents in

Dentons' possession, custody or control at a mutually convenient time and place.

20. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

21. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

22. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

23. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

24. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

25. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

26. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

27. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

28. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

29. Dentons will produce any responsive, non-privileged documents in

Dentons' possession, custody or control at a mutually convenient time and place.

30. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

31. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

32. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

33. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

34. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

35. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

36. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

37. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

38. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

39. Dentons will produce any responsive, non-privileged documents in

Dentons' possession, custody or control at a mutually convenient time and place.

40. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

41. Dentons will produce any responsive, non-privileged documents in Dentons' possession, custody or control at a mutually convenient time and place.

42. Dentons objects to paragraph 42 on the grounds that it is unduly broad and burdensome, impermissibly vague and does not describe the documents Plaintiff seeks with reasonable particularity, and encompasses documents that have no conceivable relevance to the transactions at issue in Plaintiff's Complaint, as amended, and are not calculated to lead to the discovery of admissible evidence.

This 14th day of August, 2015.

/s/ R. Matthew Martin
R. Matthew Martin
Georgia Bar No. 473450

Deputy General Counsel

DENTONS US LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia  30308
(404) 527-4000
(404) 527-3655     (facsimile)

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Objections and Responses to Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* upon all parties to this matter by causing a true and correct copy of same to be filed with the Clerk of Court using the CM/ECF System which will automatically send e-mail notification of such filing to the following attorneys of record:

Shuman Sohrn, Esq.
Seyfarth Shaw LLP
1075 Peachtree Street
Suite 2500
Atlanta, GA 30309
ssohrn@seyfath.com

Roy Barnes, Esq.
James Cameron Tribble, Esq.
Barnes Law Group, LLC
31 Atlanta Street,
Marietta, GA 30060
Roy@barneslawgroup.com
ctribble@barneslawgroup.com

Gerald Davidson, Esq.
Kenneth W. Stroud, Esq.
Mahaffey Pickens Tucker, LLP
1550 North Brown Road
Suite 125
Lawrenceville, GA 30043
gdavidson@mptlawfirm.com
kstroud@mptlawfirm.com

This 14th day of August, 2015.

/s/ R. Matthew Martin
R. Matthew Martin
Georgia Bar No. 743450