FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 27 2015

JAMES N. HATTEN, CLERK
By: 

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDGEFIELD HOLDINGS, LLC, | CIVIL ACTION |
| PLAINTIFF, | CASE NO.: 1:15-CV-2481 |
| vs. | |
| ANNETTE MASON, individually and as trustee, JAMIE MASON HAMIL, KEITH W. MASON, LONE PINE, INC., MASON CAPITAL, LLC, AND THE MASON FAMILY TRUST, | |
| DEFENDANTS. | |

## CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER

The above-styled matter is a civil action between the subject parties. The parties have served and/or will serve upon the other or upon non-parties, as a part of discovery in the case, discovery requests and subpoenas which request personal and confidential financial matters and the production of such information may well contain non-public, confidential, and sensitive information related to their respective businesses and to them personally. Because of the confidential nature of such information, both Plaintiff and Defendants request that this Consent

1

Confidentiality and Protective Order be entered so as to preserve, maintain and protect the confidentiality of such information. It is therefore **ORDERED, DECREED AND ADJUDGED** as follows:

1.

Plaintiff, Defendants, and non-parties responding to subpoenas shall have the right to designate as confidential, any information or documents revealed or produced by either of them, or by non-parties in response to a subpoena or non-party discovery request, in connection with this action.

2.

Confidential information in documentary or written form shall be designated as confidential by marking each page of the document or writing as follows: "CONFIDENTIAL." The description of "CONFIDENTIAL" shall be plainly legible on each page of each document. In lieu of marking the original of the documents, copies may be produced or exchanged that are marked "CONFIDENTIAL." All other confidential information not in documentary or written form shall be designated as confidential by correspondence from the designating party to the other party specifically identifying such confidential information and designating such information as confidential.

3.

For documents or information, the producing party shall designate documents or information as confidential prior to the production of such documents or information; provided, however, that if the producing party inadvertently fails to designate a document or information as confidential prior to its production, the producing party shall have ten (10) days after it discovers that such document or information is confidential to designate the documents or information as confidential and any such documents or information shall be treated as confidential in accordance with the terms of this Order.

4.

For documents produced by non-parties in response to a subpoena or non-party discovery request, the parties shall have thirty (30) days from receipt by the party seeking the designation of the documents produced by the non-party to designate some or all of such documents as confidential. To expedite the designation of confidentiality of documents produced by non-parties in response to a subpoena, the party that requested such documents shall immediately notify the other party that it has received documents from a non-party and, if requested, immediately provide the other parties with copies of the documents produced. Nothing in this Order shall be deemed to limit or impair a parties' right to seek to

quash, limit, or object to production of documents by non-parties, all such rights being expressly reserved and preserved.

5.

If a party or a third party, or their respective counsel, realizes that documents it considers to be covered by the attorney-client privilege, work product immunity, or other applicable privilege or immunity have been inadvertently produced, then such party or third party, or their respective counsel, may contact the counsel for the receiving party and notify it of such production. Such inadvertent disclosure shall not constitute a waiver of privilege or immunity if either counsel for the producing party or the third party: (1) notifies the counsel for the receiving party in writing of the delivery of inadvertently produced documents; and (2) identifies the produced documents by either bates stamp number designation, or by the date(s) of the document(s), the name(s) of its author(s) and the name(s) of each person to whom the document(s) were addressed. Upon notification, counsel for the receiving party shall (i) return or destroy the disclosed document or information forthwith, as well as any and all copies thereof; and (ii) destroy any references to the erroneously or inadvertently disclosed document or its contents, to the extent such references exist in other materials prepared by the receiving party or its counsel. The return or destruction of any discovery item pursuant to

this provision shall not in any way preclude the returning party from moving the Court for a ruling that the document was never privileged.

6.

All documents or information designated as confidential, and all copies or transcripts containing documents or information designated as confidential or containing a description of documents or information designated as confidential, shall be retained as confidential by the parties and such parties' counsels of record (including assistants and paralegals for the parties' counsels of record), shall not be disclosed except to the Court as necessary and shall be held and treated as confidential by the parties and their counsel of record; except that, and solely for the purpose of this and any related pending actions, the documents produced may be disclosed by counsel of record for the parties to person(s) retained or requested by such counsel of record to furnish technical or expert services or to give testimony in the trial of this action; provided, however, all such persons and/or entities retained or requested by such counsel of record to furnish technical or expert services or to give testimony in the trial of this action shall be subject to this Order and shall sign the agreement set forth in Paragraph 12 of this Order. The rights listed in this paragraph are not assignable. Confidential information shall not be disclosed to anyone else without the express stipulation of the parties, in

writing, or by order of the Court.

7.

Plaintiff's counsel shall only share documents or information designated as confidential by any other party with Mark King (and his immediate staff) and solely in such person's capacity as an officer, director, or manager of Plaintiff. Defendants' counsel shall only share documents or information designated as confidential by any other party with Defendants Annette Mason, Jamie Mason Hamil, and for any Defendant who is not a natural person, such Defendant may choose one representative (and their immediate staffs) to review the material that is marked confidential. Before any such representative of Plaintiff or Defendants may review such material, he or she must execute the written agreement set forth in Paragraph 12 of this Order and return the executed agreement to counsel of record, who, in turn, must immediately transmit a copy of the executed agreement to counsel for the producing party and any third party. All parties and their counsels of record shall not share or permit access to any documents designated as confidential with any affiliate, parent company, subsidiary company, or related entity, including any officer, director, manager, employee, contractor, representative or agent of any such affiliate, parent company, subsidiary company, or related entity, or otherwise permit such entities from otherwise obtaining access

to such documents. In the event Plaintiff is succeeded by any person or entity which acquires all or substantially all of Plaintiff's assets, said person or entity shall be subject to the restrictions of this Order.

8.

Any party wishing to submit to the Court documents or information designated as confidential in support of a pleading shall give the party designating such documents as confidential notice of its intent to submit confidential documents or information in support of its pleading at least three (3) days prior to filing any such pleading with the Court.

9.

Any document, material or other information designated as confidential and entitled to protection under this Order which is submitted to the Court in support of a pleading, or introduced at a hearing, trial or other proceeding, in this action may continue as protected material only by Order of the Court in accordance with these procedures. If documents or information entitled to protection under this Order is submitted to the Court in support of a pleading, such information shall maintain its privileged status for ten (10) days. During this ten-day period the party who designated the information as protected may move the Court to continue the protected status of the information by submitting to the Court a motion for

continued protection. The opposing party shall not be permitted to file a response to the motion. The copy of the motion must be delivered to chambers and accompanied by an unredacted copy of the designated material(s). As an aid to the Court, the unredacted copy must be tabbed, marking each section for which continued protection is being requested, so the Court can easily review and determine if continued protection will be granted. A party who seeks to introduce protected information at a hearing, trial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated the information as protected requests the protection be continued, the Court will review the information, *in camera*, to determine if the information is entitled to continued protection.

10.

In accordance with Paragraph 9, all confidential documents or information filed with the Court in support of a pleading shall be filed in a sealed envelope or other container marked on the outside with (i) the title of the action, (ii) an identification of each item within, and (iii) a statement substantially as follows:

> "Confidential Information – Subject to Protective Order.
> Pursuant to order of this Court, these documents shall
> remain sealed, except for review by the Court, and
> confidential for a period of ten (10) days unless the party
> designating these documents as confidential files a
> motion for continued protection of these documents

which is subsequently granted by the Court."

11.

With respect to testimony elicited during depositions, whenever counsel for a party or a third party deems that any question or line of questioning calls for the disclosure of documents or information a party, third party or its counsel desires to be treated as confidential, such person shall, if possible, designate on the record prior to such disclosure, or within twenty (20) days after the transcript has been made available to the parties, that such disclosure may include "confidential documents or information." In such situations, the question(s) and answer(s) designated by such counsel as constituting confidential documents or information should be transcribed separately from the remainder of the deposition or be clearly marked in the transcript that such portions are to be designated as confidential. Portions of transcripts designated as including confidential documents or information that are transcribed separately shall be retained by counsel, unless filed in this Court, in which event they shall be filed in this Court in an envelope under seal and the envelope shall include on its face the statement reflected in Paragraph 10 of this Order and shall in all respects be subject to the provisions of Paragraph 9 of this Order.

12.

Before any disclosure of confidential documents or information is made to any person or persons retained or requested by counsel of record to furnish technical or expert services or to give testimony in the trial of this action, as provided in Paragraph 6 of this Order, the counsel of record desiring to make such disclosure shall first obtain a written agreement from each person to whom disclosure is to be made that such person is fully familiar with the terms of this Order and agrees to comply with and be bound by such Order.  Copies of such written agreements shall be retained in the files of such counsel of record and furnished upon request to the counsel of record for the other party involved in this action.  The agreement shall be substantially as follows:

> "I hereby attest to my understanding that information or documents designated confidential are being provided to me pursuant to the terms and conditions and restrictions of the Confidentiality and Protective Order of _____, 2015, entered in the case of Edgefield Holdings, LLC v. Annette Mason, individually and as trustee, Jamie Mason Hamil, K.W. Mason Company, Inc., Lone Pine, Inc., Mason Capital, LLC, and The Mason Family Trust, Civil Action File Number 15-cv-2481-WSD, United States District Court for the Northern District of Georgia. I further acknowledge that I have been given a copy of and have reviewed said Order and have had its meaning and effect explained to me by the attorneys by whom I was retained and that I hereby agree to be bound by it and its terms. I further agree to and do hereby submit myself to the jurisdiction of the above-captioned Court on all matters concerning enforcement or violation of this Order. For this purpose, I may be served

and do hereby accept service by certified mail, return receipt requested, at the following address:

_____

_____

_____."

Disclosure of any confidential documents or information shall be made only to the extent absolutely necessary to enable each said person to consult and assist counsel of record in trial preparation and/or to testify as a witness in this action.

13.

All persons who may be entitled to receive or do receive confidential documents or information shall keep the same secure and confidential in accordance with the purposes and intents of this Order, shall not release or disclose the same except in accordance with this Order, and shall adopt suitable precautions to ensure continued confidentiality and security thereof, including precautions against any copying thereof. Upon the termination of this action the confidential documents and information produced and all copies thereof shall be destroyed, or upon request, delivered to counsel for the party producing the same or designating same as confidential.

14.

Person(s) or entity(s) to whom disclosure of any confidential documents or information is made shall use information derived therefrom solely for the purpose

11

of enabling each such person to consult with and assist counsel of record in trial preparation and to testify as a witness in this action. Person(s) or entity(s) to whom disclosure of confidential documents or information is made shall not use or release any such information for business purposes, commercial, activities or enterprise for gain or to gain favor with any other person or entity.

15.

Maintenance of the confidential status of any information, document, or material shall in all cases be subject to further order of the Court and nothing in this Protective Order shall preclude any party from applying to the Court for modification of the terms of this Order as may be appropriate, provided, however, that prior to any application the parties shall confer and make a good faith effort to resolve the matter by agreement.

16.

The provisions of this Order providing protection to confidential information shall remain in effect throughout the pendency of the case and shall survive the termination of this action.

17.

This Court retains jurisdiction over the parties hereto respecting any dispute between them and respecting the use of any information disclosed under the

protection of this Order.

18.

Nothing in this Protective Order diminishes the protections afforded to sensitive information by this Court's Local Rules or Standing Orders, including Standing Orders No. 02-01, 04-01, 08-02, and the Standing Order Regarding Civil Litigation to all civil actions assigned to Judge William S. Duffey, Jr.


SO ORDERED, this 26th day of August, 2015.

_____
HONORABLE WILLIAM S. DUFFEY, JR.
Judge, United States District Court
Northern District of Georgia

| | |
|---|---|
| Order prepared and presented by: | Consented to: |
| MAHAFFEY PICKESN TUCKER, LLP | SEYFARTH SHAW, LLP |
| /s/ Kenneth W. Stroud | /s/ Shuman Sohrn |
| GERALD DAVIDSON, JR. | SHUMAN SOHRN |
| Georgia Bar Number: 206600 | Georgia Bar Number: 143104 |
| KENNETH W. STROUD | 1075 Peachtree Street, Suite 2500 |
| Georgia Bar Number: 940329 | Atlanta, Georgia 30309 |
| 1550 North Brown Road | Tel: (404) 885-1500 |
| Suite 125 | Fax: (404) 892-5026 |
| Lawrenceville, Georgia 30043 | |
| Tel: (770) 232-0000 | JASON DEJONKER |
| Fax: (678) 518-6880 | *Admitted Pro Hac Vice* |
| | M. RYAN PINKSTON |
| | *Admitted Pro Hac Vice* |
| BARNES LAW GROUP, LLP | 131 S. Dearborn St. Suite 2400 |
| | Chicago, Illinois 60603 |
| /s/ J. Cameron Tribble | Tel: (312) 460-5000 |
| ROY E. BARNES | Fax: (312) 460-7000 |
| Georgia Bar Number: 039000 | |
| J. CAMERON TRIBBLE | |
| Georgia Bar Number: 754759 | CHALMERS PAK & BURCH LLC |
| 31 Atlanta Street | |
| Marietta, Georgia 30060 | /s/ Byung J. Pak |
| Tel: (770) 227-6375 | BYUNG J. "BJAY" PAK |
| Fax: (770) 227-6373 | Georgia Bar Number: 559457 |
| | 5805 State Bridge Rd. #G77 |
| *Attorneys for Defendants* | Johns Creek, Georgia 30097 |
| | Tel: (678) 637-2654 |
| | Fax: (866) 598-6466 |
| | |
| | *Attorneys for Plaintiff* |

14