# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EDGEFIELD HOLDINGS, LLC, ) | |
| ) | CIVIL ACTION |
| PLAINTIFF, ) | |
| ) | NO. 1:15-CV-02481-WSD |
| vs. ) | |
| ) | |
| ANNETTE MASON, *et al.*, ) | |
| ) | |
| DEFENDANTS. ) | |
| _____ ) | |

**PLAINTIFF EDGEFIELD HOLDING, LLC'S MOTION TO COMPEL NON-PARTY MOORE STEPHENS TILLER, LLC TO PRODUCE DOCUMENTS PURSUANT TO SUBPOENA TO PRODUCE DOCUMENTS**

Plaintiff Edgefield Holdings, LLC ("Plaintiff"), pursuant to Federal Rules of Civil Procedure 26 and 45 and N.D. Ga. L.R. 37.1, files its Motion to Compel (the "Motion") Non-Party Moore Stephens Tiller, LLC ("MST") to comply with subpoena document requests (the "Requests").

MST acted as accountant for certain of Defendants, Wayne Mason, Keith Mason, and their related entities. Nevertheless, in response to Plaintiff's subpoena to MST, Defendants and Keith Mason sent letters to MST (a) instructing MST to withhold production of responsive documents, and (b) making clear that Defendants and Keith Mason would not waive the accountant-client privilege.

20803394v.1

MST abided by such instructions and, citing Georgia' accountant-client privilege, refused to produce *any* documents to Plaintiff in response to the subpoena.

However, the accountant-client privilege does not exempt MST from producing responsive non-privileged documents. As explained *infra*, the vast majority of the documents sought from MST are not protected from disclosure because (a) the privilege only protects communications (and not financial documents and reports), (b) MST's mere possession of documents does not render them privileged, (c) MST (and its clients, including certain Defendants here) failed to provide a privilege log and to demonstrate the applicability of the privilege as to each document withheld, (d) under applicable law, financial and investment account records are not privileged, and (e) to the extent the privilege could apply, the crime-fraud exception negates the privilege.

## I. PROCEDURAL AND FACTUAL BACKGROUND

### A. The Court Grants Expedited Broad Discovery.

On July 27, 2015, the Court entered the Preliminary Discovery Order (the "Discovery Order" [Doc. No. 27]). The Discovery Order provides, *inter alia*, that "[t]he parties may immediately engage in expedited discovery" and that "[a]ny third party served with this Order and a party's discovery requests is directed to

2
20803394v.1

respond to such requests within fourteen (14) days of receipt[.]" (Discovery Order ¶¶ 1(b) and (d).)

**B.  Plaintiff Issues Subpoena to MST.**

On or about July 31, 2015, Plaintiff served its Subpoena on MST and gave notice of said Subpoena to Defendants (the "Subpoena").[1]  Per the Discovery Order and the Subpoena, MST was to produce responsive documents on or before August 14, 2015.  Plaintiff sought documents relating to the Transfers (as defined in the Am. Compl.), the ownership interests in entity Defendants and the other entities identified in the Amended Complaint, and tax and financial information relating to Defendants and related non-parties.

**C.  Defendants and Non-Party Keith Mason Instruct MST To Withhold Production of Responsive Documents.**

As noted previously, Defendants and Keith Mason instructed MST to withhold production of responsive and relevant document.  For example, Defendants instructed MST as follows:

> On behalf of Defendants, we hereby notify and instruct your firm to assert and maintain the accountant-client privilege in response to the Subpoena received by you.  The Defendants have not and do not waive the accountant-client privilege as provided by O.C.G.A. s. 24-5-501(9) and O.C.G.A. s. 43-3-32 nor any other privilege provided by

---

[1]  True and correct copies of the Subpoena and the Notice of Subpoena are attached hereto as **Exhibit 1** and **Exhibit 2** respectively.

Federal law with respect to tax returns and insist that you assert the privilege on their behalf in responding to the Subpoena.[2]

Similarly, Keith Mason noted that he "was not waiving any accountant-client privilege or other privilege."[3]

Citing to these letters and despite acknowledging that it has responsive documents, MST asserted an omnibus objection to the Subpoena based on a claim of accountant-client privilege under Georgia law and a claim under "federal tax return privilege":

> [MST] provided tax planning and tax return preparation services to some of the named Defendants and other related non-parties or entities. Between 2009-2014, MST was engaged to prepare more than 150 tax returns. MST's files maintained in the preparation of such returns could contain information or documents that may be responsive to Plaintiff's Subpoena, although such information cannot be reasonably identified without examining each and every file maintained.
>
> * * *
>
> However, any and all documents in MST's possession were provided to them solely in conjunction with the accounting and tax services

---

[2] *See* correspondence from Gerald Davidson (on behalf of Defendants) attached to MST's Objection to the Subpoena (the "Objection" [Doc. No. 44]) as exhibit A, p. 1. Technically, MST filed two objections (Doc. Nos. 43 and 44). However, it appears they are substantially the same documents, except that the second filed objection (Doc. No. 44) has all of the attachments cited in the objections.

[3] *See* correspondence from Kevin Quirk (on behalf of Keith Mason) attached to MST's Objection as exhibits B, p. 1.

20803394v.1

provided to their clients. On that basis, MST broadly objects to the subpoena as infringing upon the Georgia state law accountant-client privilege and the federal tax return privilege.

(Obj. at 1-2.)

### D. The Parties Engage In Meet and Confer Efforts To No Avail.

Plaintiff attempted to resolve MST's objections. Specifically, Plaintiff served MST (along with other parties and non-parties) with a letter dated August 17, 2015 responding to various objections to discovery and requesting meet and confer conferences. On or about August 18, 2015, counsel for MST and counsel for Plaintiff unsuccessfully conferred to resolve the Objections.

After MST's counsel indicated that Wayne Mason would need to waive the accountant-client privilege before documents relating to Wayne Mason and his entities would be produced, Plaintiff's counsel sent a letter to Wayne Mason's counsel on August 19, 2015 requesting that Wayne Mason waive any claim of accountant-client privilege with respect to the Subpoena on behalf of himself and his entities.[4] On August 26, 2015, Wayne Mason's counsel, Everette Doffermyre, admitted that MST possesses non-privileged documents, but nonetheless refused to

---

[4] A true and correct copy of the Pinkston Letter is attached hereto as **Exhibit 3**.

5

waive the privilege or instruction MST to produce documents.[5] Accordingly, based on claims of privilege from Keith Mason, Defendants, and Wayne Mason, MST is refusing to produce *any* documents in response to the Subpoena.

Additionally, in an attempt to identify the scope of the documents for which MST was asserting privilege, Plaintiff's counsel requested that MST provide a privilege log, but MST's counsel refused, claiming that providing such log "would be extremely burdensome."[6] Instead, MST's counsel offered to "provide a list of tax returns prepared and years, if that would be acceptable."[7] However, to date, no log or list has been provided to Plaintiff, even after this Court entered the Consent Confidentiality and Protective Order (the "Protective Order" [Doc. No. 52]), which would provide protection for confidential documents produced by MST.

## II. ARGUMENT

As a general proposition, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or

---

[5] A true and correct copy of the Doffermyre Letter is attached hereto as **Exhibit 4**.

[6] *See* August 19, 2015 E-mail Exchange between S. Sprinkle and R. Pinkston (the "8/19/15 E-mails"), a true and correct copy of which is attached hereto as **Exhibit 5**.

[7] *Id.*

6

other tangible things and the identity and location of persons who know of any discoverable matter." Fed.R.Civ.P. 26(b)(1). "[T]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible," *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985), because civil litigants are allowed to discover "any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence." *Degen v. U.S.*, 517 U.S. 820, 825-26 (1996).

Fed.R.Civ.P. 45(d)(2)(b) provides that if an objection to a subpoena is made, " [a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling the production or inspection." "Indeed, a properly issued and served subpoena provides a court with jurisdiction over a non-party witness within the court's territorial jurisdiction with respect to the discovery requested in the subpoena." *SEC v. Espuelas*, Civil Action No. 1:11-cv-00025-WSD-RGV, 2011 WL 12829075, at *1 (N.D. Ga. Jan. 27, 2011) (citation and quotation omitted).

Here, MST's Objection (and communications from its counsel) clearly provides that MST will not produce a single document responsive to any Request in the Subpoena. (*See* Obj. *passim*.) To justify its outright refusal to comply with the Subpoena, MST relies on two objections. First, MST contends that it cannot

7

produce a single document because of the accountant-client privileged asserted by its clients. Second, MST contends that most of the Requests are unduly burdensome. The Court should overrule both objections and enter an order compelling MST's full compliance with the Subpoena.

    A.    **The Court Should Overrule MST's Accountant-Client Privilege Objections.**

MST broadly objects to *every* Request in the Subpoena based on the assertion of the accountant-client privilege.[8] In its Objection, MST asserts substantially the same accountant-client privilege objection to each Request. (*See* Obj. Resp. to Request Nos. 1-51.) The Court should overrule this objection.

First, most, if not all of the documents sought are not subject to the accountant-client privilege. The accountant-client privilege only excludes

---

[8] The 51 specific Requests are set forth in the attached **Exhibit 6**. Pursuant to N.D. Ga. L.R. 37.1A(2), Plaintiff is required to quote verbatim the Requests subject to the Motion. Accordingly, although such Requests are apparent from the Subpoena itself (attached hereto as Exhibit 1), to comply with the local rule while saving space, Plaintiff has quoted each Request in Exhibit 5. Further, where, as is the case here, the objection disputes are obvious (i.e., a broad privilege objection to every request), the Court may not require strict compliance with the local rule. *See PharMerica, Inc. v. HealthPrime, Inc.*, Civil Action No. 1:07-CV-0207-JEC, 2008 WL 779329, at *3 (N.D. Ga. Mar. 19, 2008) ("Here, however, the deficiencies in defendants' responses are obvious. Defendants here have clearly and blatantly failed to meet their discovery obligations. Although Plaintiff's failure to quote the requests verbatim and state the specific objections to each response, in accord with Local Rule 37.1, has created additional work, the Court will nevertheless proceed to the merits of the motion.").

8
20803394v.1

"*[c]ommunications* between accountant and client" from use as evidence. O.C.G.A. § 24-5-501(a)(9). Critically, the accountant-client privilege does not extend to "reports submitted by a certified public accountant to a client." *See* O.C.G.A. § 43-2-29. Thus, tax returns and financial statements clearly are not privileged and should be produced. For example, the court in *Esasky v. Forrest*[9] held that the trial court was authorized to compel production of documents like tax returns. *Esasky*, 231 Ga. App. at 490. Here, MST asserts that each document it received from Wayne Mason, Keith Mason, and Defendants is privileged based on the mere fact that Wayne Mason, Keith Mason, or a Defendant handed it to MST. MST's proposed application of the accountant-client privilege is plainly too broad.

Second, as with the attorney-client privilege,[10] the accountant-client privilege does not protect a document from disclosure simply because it is in the possession of an accountant. *See Atlantic Coast Line R.R. v. Daugherty*, 111 Ga. App. 144, 150 (1965) ("It is axiomatic that one cannot render privileged that which is otherwise not privileged merely by placing it in the hands of his attorney"); *Georgia Cash Am., Inc. v. Strong*, 288 Ga. App. 405, 413 (2007) (*same*); and *S.*

---

[9] 231 Ga. App. 488 (1994).

[10] "Due to the similarity of our statutory privileges for the clients of attorneys and accountants . . . we feel [an] analogy drawn between the two is sound . . ." *In re Hall County Grand Jury Proceeding*, 175 Ga. App. 349, 350 (1985) (quoting *Gearhart v. Etheridge*, 232 Ga. 638, 641 (1974)).

9

*Guar. Ins. Co. of Georgia v. Ash*, 192 Ga. App. 24, 28 (1989) (same). Accordingly, MST's blanket assertion of privilege, by virtue of its mere receipt of documents from its clients, is unjustified under Georgia law.

Third, the Court should overrule the privilege objection because MST fails to establish the applicability of privilege as to all of its responsive documents. MST may not have the documents withheld on the ground that ***all*** of its responsive documents contain privileged information without making a showing as to what documents there are and what is privileged about them. *See Strong*, 286 Ga. App. at 410 (defendants' failure to review the documents and create a privilege log waived the defenses of privilege and work product). Here, MST provided no privilege log so that the Court could make an informed determination as to what documents MST claims are subject to the privilege. Therefore, MST fails to justify the applicability of the accountant-client privilege as to any of the documents in its possession, custody or control.

Fourth, to the extent they are in the possession of MST, responsive bank or investment account records are not confidential or privileged.

> Generally, there is no legitimate expectation of privacy in the contents of checks, deposit slips or bank statements in a bank's possession. Checks are negotiable instruments used in commercial transactions voluntarily conveyed to banks, and exposed to the banks' employees in the ordinary course. . . . [Bank account records] are commercial transactions which disclose the identity and other identifiers of parties

10

> to the transaction to the third party banking institution. Even if the transactions could be viewed by a large stretch of the imagination to be communicative, in no way could they be considered confidential.

*S.E.C. v. W Fin. Grp. LLC*, 2009 WL 636540 *1 (N.D.Tex. Mar. 9, 2009).[11]

Therefore, if MST has in its possession bank and investment account records forwarded by any of its clients, such documents are not entitled to privilege.

Fifth, even if the privilege applied to certain communications, MST may not withhold privilege to the extent such communications/documents were made or produced in the furtherance of a fraudulent act. Georgia's accountant-client privilege does not protect communications related to the perpetration of a fraud.

---

[11] *See also U.S. v. Parlin*, No. 3-03-CR-162-D, 2010 WL 1903991, *2 (N.D. Tex. May 10, 2010) ("the types of records subpoenaed by the government, which include account signature cards and applications, monthly bank statements, deposit and withdrawal slips, wire transfer records, and loan or credit applications, are not inherently privileged or confidential"); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30 (1984) ("The Rules do not differentiate between information that is private or intimate and that to which no privacy interests attach. Under the Rules, the only express limitations are that the information sought is not privileged, and is relevant to the subject matter of the pending action. Thus, the Rules often allow extensive intrusion into the affairs of both litigants and third parties"); *Barger v. Garden Way Inc.*, 231 Ga. App. 723, 725 (1998) ("The public policy of Georgia does not 'permit parties to contract privately for the confidentiality of documents [or testimony], and [thereby] foreclose others from obtaining, in the course of litigation, materials that are relevant to their efforts to vindicate a legal position. To hold otherwise would clearly not serve the truth-seeking function of discovery in [civil] litigation.'"); and *Stewart v. Mitchell Transport*, No. 01-2546-JWL, 2002 WL 1558210, *5 (D.Kan. 2011) ("[A] party may not rely on the confidential nature of documents for refusing to produce them, because '[c]onfidentiality does not equate to privilege'").

*Rose v. Commercial Factors of Atlanta, Inc.*, 262 Ga.App. 528, 530 (2003) (accountant-client privilege does not protect communications related to perpetration of a fraud prior to its commission); *Christenbury v. Locke Lord Bissell, LLP*, 285 F.R.D. 675, 686 (N.D. Ga. 2012) (same). Here, Plaintiff's Amended Complaint lays out a prima facie showing of fraud, including Wayne Mason's insolvency at the time of the Transfers, the lack of reasonably equivalent value received for the Transfers, the concealment and non-disclosure of the Transfers, and the pendency of legal threat at the time of the Transfers.[12] *In re Warner*, 87 B.R. 199, 202 (Bankr. M.D. Fla. 1988) (holding that crime-fraud exception may be applied based on inferences from complaint allegations showing badges of fraud). Therefore, to the extent that any communications between MST and its clients involved fraudulent transfers of Wayne Mason's property, such documents are not privileged.

Finally, with respect to certain Requests (Request Nos. 8-51), MST also asserts that its documents may be privileged and protected from disclosure pursuant to "§7216 of the Internal Revenue Code and 26 C.F.R. § 301.7216-3." First, federal law does not provide for an accountant-client privilege. *See U.S. v. Arthur Young & Co.*, 465 U.S. 805, 817 (1984) (quoting *Couch v. U.S.*, 409 U.S.

---

[12] *See e.g.*, Am. Compl. ¶¶ 2-5, 52, 57-58, 64, 68-69, 78, 83-84, 85-93.

322, 335 (1973)). Second, the IRS Code section and regulation upon which MST relies yield to court orders. *See* 26 C.F.R. § 301.7216-2(f)(1). Thus, this Court may and should enter an Order compelling MST to produce responsive documents.

Therefore, the Court should overrule the Objection and compel MST to produce non-privileged information responsive to the Subpoena. Alternatively, the Court should order Wayne Mason, Keith Mason, Defendants, individually and in their capacity as the owners/managers/officers of any of the entities whose records are sought in the Subpoena, to waive any claim of accountant-client privilege.

### B. The Court Should Overrule MST's Burden Objections.

MST broadly objects to nearly every Request in the Subpoena as being unduly burdensome.[13] Here, the Court should overrule this frivolous objection for several reasons.

"The burden of proof in demonstrating that compliance with a subpoena presents an undue burden lies with the party opposing the subpoena." *Espuelas*, 2011 WL 12829075 at *3. Determining whether an undue burden exists requires the Court to balance the need for discovery against the burden imposed. *Id.* Here, MST fails to demonstrate the alleged burden. The burden of which MST

---

[13] Specifically, MST asserts the unduly burdensome objection as to Requests numbered 7 and 10-51, which are copied verbatim in the attached Exhibit 6.

13
20803394v.1

complains apparently arises only out of the fact that MST has a long and close connection with Defendants, Wayne Mason, Keith Mason, and related third parties. This close relationship is precisely why MST is an appropriate target for a subpoena. Indeed, in the Objection, MST admits that "[b]etween 2009-2014, MST was engaged to prepare more than 150 tax returns [for some of the named Defendants and other related non-parties or entities.]" (Obj. at 1.) The mere fact that MST must review Defendants' and other related persons and entities' files is not "burdensome" in and of itself. If it were, no subpoena would be enforceable. Overruling MST's Objections and enforcing the subpoena is consistent with the broad discovery rights Plaintiff has as the holder of the Judgments. *See First Fed. Sav. & Loan Ass'n of Rochester, New York v. Fisher*, 422 F.Supp. 1, 3-4 (N.D. Ga. 1976) (holding that broad discovery is permitted in judgment enforcement proceedings).

Second, to the extent the Court overrules or narrows MST's claim of privilege, MST's review of its files to produce responsive documents will not be unduly burdensome. *See Espuelas*, 2011 WL 12829075 at *3-*4 (holding that because privilege does not apply, searching through volumes of documents is not unreasonable or difficult). The fact that MST has to incur some expense and time to review voluminous files is not, in itself, a justification for a finding of undue

14

burden in a discovery request. *Id*. at *4. This is particularly true where, as is the case here, a good portion of documents may be stored and produced electronically. *Id*.

Moreover, MST does not assert such objection with respect to Request Nos. 1-6 and 8-9. Therefore, documents responsive to those Requests must be produced immediately. Also, MST's assertion of its "burden" objection must be overruled because (a) MST fails to carry its burden to sustain its objection and (b) in the specific context before the Court, the production of responsive documents by MST is not burdensome.

### III. CONCLUSION

Based on the foregoing, the Court should overrule MST's objections and compel MST to produce documents forthwith.

Dated: September 3, 2015                Respectfully submitted,

                                        SEYFARTH SHAW LLP

                                        By: /s/ Shuman Sohrn
                                            Shuman Sohrn
                                            Georgia Bar No. 143104
                                            1075 Peachtree Street, Suite 2500
                                            Atlanta, Georgia 30309
                                            Tel: (404) 885-1500
                                            Fax: (404) 892-7056
                                            E-mail: ssohrn@seyfarth.com

15

Jason J. DeJonker (*pro hac vice*)
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603-5511
Tel: (312) 460-5000
Fax: (312) 460-7000
E-mail: jdejonker@seyfarth.com
       rpinkston@seyfarth.com

CHALMERS PAK & BURCH LLC

Byung J. "Bjay" Pak
Georgia Bar No. 559457
5805 State Bridge Road, #G77
Johns Creek, Georgia 30097
Tel: 678-637-2654
Fax: 866-598-6089
E-mail: bpak@cpblawgroup.com

***Attorneys for Edgefield Holdings, LLC***

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **EDGEFIELD HOLDINGS, LLC,** | ) | |
| | ) | **CIVIL ACTION** |
| **PLAINTIFF,** | ) | |
| | ) | **NO. 1:15-CV-02481-WSD** |
| vs. | ) | |
| | ) | |
| **ANNETTE MASON, individually and as trustee, JAMIE MASON HAMIL, K. W. MASON COMPANY, INC., LONE PINE, INC., MASON CAPITAL, LLC, and THE MASON FAMILY TRUST,** | ) ) ) ) ) ) ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| _____ | ) | |

## RULE 7.1(D) CERTIFICATE

This is to certify that the within and foregoing document was prepared in 14 point Times New Roman font and complies with the margin and type requirements of this Court pursuant to Local Rule 5.1.

                                      SEYFARTH SHAW LLP

                                      By: /s/ Shuman Sohrn
                                      Shuman Sohrn
                                      Georgia Bar No. 143104

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EDGEFIELD HOLDINGS, LLC, ) | |
| ) | CIVIL ACTION |
| PLAINTIFF, ) | |
| ) | NO. 1:15-CV-02481-WSD |
| vs. ) | |
| ) | |
| ANNETTE MASON, individually and as ) | |
| trustee, JAMIE MASON HAMIL, ) | |
| K. W. MASON COMPANY, INC., ) | |
| LONE PINE, INC., MASON CAPITAL, ) | |
| LLC, and THE MASON FAMILY ) | |
| TRUST, ) | |
| ) | |
| DEFENDANTS. ) | |
| _____ ) | |

## **RULE 37.1 CERTIFICATE**

This is to certify that pursuant to Fed.R.Civ.P. 37(a)(1), counsel for Plaintiff has in good faith conferred with counsel for Moore Stephens Tiller, LLC, in an effort to resolve the objections to discovery.

                                                SEYFARTH SHAW LLP

                                                By: /s/ Shuman Sohrn
                                                Shuman Sohrn
                                                Georgia Bar No. 143104

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EDGEFIELD HOLDINGS, LLC, | ) | |
| | ) | CIVIL ACTION |
|     PLAINTIFF, | ) | |
| | ) | NO. 1:15-CV-02481-WSD |
| vs. | ) | |
| | ) | |
| ANNETTE MASON, individually and as | ) | |
| trustee, JAMIE MASON HAMIL, | ) | |
| K. W. MASON COMPANY, INC., | ) | |
| LONE PINE, INC., MASON CAPITAL, | ) | |
| LLC, and THE MASON FAMILY | ) | |
| TRUST, | ) | |
| | ) | |
|     DEFENDANTS. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day, September 3, 2015, served a copy of the foregoing document on the following counsel of record via U.S. mail, postage prepaid:

| | |
|---|---|
| Roy Barnes | Gerald Davidson, Jr. |
| Barnes Law Group, LLC | Mahaffey Pickens Tucker, LLP |
| 31 Atlanta Street | 1550 North Brown Road |
| Marietta, GA 30060 | Suite 125 |
| Roy@barneslawgroup.com | Lawrenceville, GA 30043 |
| | gdavidson@mptlawfirm.com |

James Cameron Tribble
Barnes Law Group, LLC
31 Atlanta Street
Marietta, GA 30060
ctribble@barneslawgroup.com

Everette L. Doffermyre
Doffermyre Shields Canfield &
Knowles, LLC
1355 Peachtree Street
Suite 1600
Atlanta, GA 30309

Kevin Quirk
Quirk & Quirk, LLC
300 Century Springs West
6000 Lake Forrest Drive NW
Atlanta, GA 30328

Kenneth W. Stroud
Mahaffey Pickens Tucker, LLP
1550 North Brown Road
Suite 125
Lawrenceville, GA 30043
kstroud@mptlawfirm.com

Shannon M. Sprinkle
Carlock, Copeland & Stair, LLP
191 Peachtree Street
Suite 3600
Atlanta, GA 30303

/s/ Shuman Sohrn
Shuman Sohrn
Georgia Bar No. 143104
SEYFARTH SHAW LLP
1075 Peachtree Street, Suite 2500
Atlanta, Georgia 30309
Tel: (404) 885-1500
Fax: (404) 892-7056
E-mail: ssohrn@seyfarth.com

*Attorneys for Edgefield Holdings, LLC*