# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EDGEFIELD HOLDINGS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION |
| ANNETTE MASON, individually and as trustee, JAMIE MASON HAMIL, K.W. MASON COMPANY INC., LONE PINE, INC., MASON CAPITAL, LLC, and THE MASON FAMILY TRUST, | ) FILE NO. 1:15-cv-02481-WSD ) ) ) ) ) |
| Defendants. | ) |

## RESPONDENT MOORE STEPHENS TILLER, LLC'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Respondent and Non-Party Moore Stephens Tiller, LLC ("MST") is an accounting firm that provided tax planning and tax return preparation services to Wayne and Annette Mason, Jamie Mason Hamil, Keith Mason and several entities owned in whole or in part by the Mason family. Between 2009 and 2014, MST was engaged to prepare more than 150 tax returns as reflected on the attached Exhibits A and B[1]. The files maintained by MST in connection with the preparation of such returns contain financial information and documents provided by MST's clients solely for the preparation of those tax returns.

MST objected to Plaintiff's subpoena, as it infringed upon the Georgia state law accountant-client privilege and the federally created tax return privilege. (See Doc. 44).

---

[1] MST also prepared tax returns for Keith Mason. Keith Mason has filed a Motion to Quash contending the Subpoena is overbroad (See Docs. 46, 46-1, and 65). The attached exhibits A & B reflect tax forms or returns prepared by MST in all years where noted. Blanks reflect that MST did not prepare tax forms in that year and Extended reflects that an extension was requested and returns have not been filed.

MST has received no waiver of those privileges from its clients and thus cannot produce the requested documents unless such documents are compelled by the court. (See Doc. 44, 44-1, and 44-2).

## **ARGUMENT AND CITATION OF AUTHORITY**

Georgia state law codifies the accountant-client privilege at O.C.G.A. § 24-5-501 and 43-3-29[2]. Section 43-3-29(a) states that "all statements, records, schedules, working papers [. . .] and memoranda made by a certified public accountant incident to, or in the course of, professional services to clients by such certified public accountant [. . .]shall be and remain the property of such certified public accountant… No such statement, record, schedule, working paper or memorandum shall be sold, transferred or bequeathed without the consent of the client or his or her personal representative or assignee to anyone other than one or more surviving partners, fellow shareholders, or fellow members of the firm of such certified public accountant." Furthermore, under Section 43-3-29(b), "All communications between a certified public accountant or employee of such certified public accountant acting in the scope of such employment and the person for whom such certified public accountant or employee shall have made any audit or other investigation in his professional capacity and **all information obtained by a certified public accountant [. . .] in his or her professional capacity concerning the business and financial affairs of the client shall be deemed privileged communications in all courts or in any other proceedings whatsoever; and no such certified public**

---

[2] The accountant-client privilege was formerly codified at O.C.G.A. §43-3-32. The code sections were re-ordered and re-numbered in 2014, however the substantive text remains the same

**accountant or employee shall be permitted to testify with respect to any of such matters, except with the written consent of such person or client or such persons' or clients' legal representatives**. (emphasis added).

Thus, under the Georgia accountant-client privilege, all communications, materials, and financial information received by MST for the purpose of preparing their clients' tax returns are privileged and cannot be produced without their consent. As previously reflected in MST's Objection and Response to the Subpoena (Doc. 44), MST has received no waiver of the accountant-client privilege.

This court has reviewed the scope of the Georgia accountant-client privilege as previously codified at O.C.G.A. § 43-3-32 in *Christenbury v. Locke, Lord, Thistle & Liddell LLP*, 285 F.R.D. 675 (2012). In *Christenbury*, the court noted that the accountant-client privilege has been interpreted by Georgia courts in its scope to be analogous to that of the attorney-client privilege. *See Crews v. Wahl*, 238 Ga.App 892, 520 SE.2d 727, 732 (1999). In *Christenbury*, the question was whether the accountant-client privilege applied to communications which occurred outside of Georgia, an issue which is not relevant to this matter. However, in its analysis, the Court noted that the scope of the accountant-client privilege was considered clear to broadly cover "all communications between a certified public accountant" and provides that such communications are privileged "in all courts or other proceedings whatsoever." The court also found it instructive to note the state's public policy behind the accountant-client privilege, which is to encourage a client to "transmit all relevant information to his accountant without fear of any future disclosure in subsequent litigation." *See generally Gearhart v. Ethridge*, 232 Ga. 638,

208 SE.2d 460 (1974). The very clear statutory language of O.C.G.A. § 43-3-29(b) holds that all communications and information obtained by a certified public accountant concerning the business and financial affairs of the client shall be deemed privileged.

Plaintiff contends the documents in MST's possession should be discoverable from the Defendants and the Defendants cannot otherwise cloak discoverable documents with an accountant-client privilege by simply transferring those documents to the accountant. While such may be true vis-a-vis the Defendants, MST simply cannot produce the requested documents in the absence of a specific waiver from its clients without subjecting itself to potential liability for violation of the accountant-client privilege.

Additionally, any and all tax returns or other tax forms prepared by MST are also privileged and protected from production under federal law at § 7216 of the Internal Revenue Code and 26 CFR § 301.7216-3. MST has likewise received no written waiver or instruction, which would allow them to produce any tax returns or forms prepared on behalf of their clients and represented in the attachments A and B.

This 21st day of September, 2015.

CARLOCK, COPELAND & STAIR, LLP

By: */s/ Shannon M. Sprinkle*
SHANNON M. SPRINKLE
State Bar No. 495095

191 Peachtree Street, N.E., Suite 3600  *Attorneys for Moore Stephens Tiller,*
Atlanta, Georgia 30303  *LLC*
404-522-8220

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter by Court Electronic Filing to Counsel of Record as follows:

<table>
<tr><td>

Gerald Davidson, Jr.  
Mahaffey Pickens Tucker, LLP  
Suite 125  
1550 North Brown Road  
Lawrenceville, Georgia  30043

</td><td>

Roy E. Barnes  
The Barnes Law Group, LLC  
31 Atlanta Street  
Marietta, Georgia  30060

</td></tr>
<tr><td>

Jason J. DeJonker  
(*pro hac vice pending*)  
M. Ryan Pinkston  
(*pro hac vice pending*)  
Seyfarth Shaw LLP  
131 S. Dearborn Street  
Suite 2400  
Chicago, Illinois  60603-5511

</td><td>

Shuman Sohrn  
Seyfarth Shaw LLP  
1075 Peachtree Street, Suite 2500  
Atlanta, Georgia  30309

</td></tr>
</table>

This 21st day of September, 2015.

*/s/ Shannon M. Sprinkle*
SHANNON M. SPRINKLE
State Bar No. 495095

*Attorneys for Moore Stephens Tiller, LLC*

Carlock, Copeland & Stair, LLP
191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia 30303
404-522-8220

5246200v.1