IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDGEFIELD HOLDINGS, LLC, ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| ) | No. 1:15-CV-02481-WSD |
| vs. ) | |
| ) | |
| ANNETTE MASON, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### DEFENDANT WAYNE MASON'S BRIEF IN SUPPORT OF
### MOTION TO DISMISS SECOND AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6), Wayne Mason files this Brief in Support of his Motion to Dismiss Plaintiff's Second Amended Complaint, and respectfully shows the Court as follows:

### INTRODUCTION

Plaintiff filed its Second Amended Complaint on September 25, 2015 [Doc. 83] (hereinafter the "Complaint"). This Complaint amended Plaintiff's First Amended Complaint, among other ways, to add Wayne Mason as a defendant. The only cause of action asserted against Mr. Mason is found in Count I. This Count seeks a declaration that Mason Capital, LLC ("Mason Capital") is Wayne Mason's "alter ego," and "accordingly, Mason Capital's corporate form and any

1

purported separate existence should be disregarded."[1] (Compl., ¶ 160)  To issue such a declaration, the Court would be required to pierce Mason Capital's corporate veil so that a third party could use the assets of Mason Capital to satisfy Mr. Mason's personal debts.  The Georgia Supreme Court has expressly and unmistakably rejected this so-called "outsider reverse veil-piercing" and, accordingly, even if taken as true, Plaintiff's allegations do not authorize the declaration that it seeks.  Therefore, this Court should reject this cause of action and, since it is the only cause of action against Wayne Mason, dismiss Mr. Mason from this lawsuit.

## ARGUMENT AND CITATION TO AUTHORITY

### I. Standard for Motion to Dismiss

"Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief." *Sessom v. Wellstar Hosp.*, 1:08-CV-2057-TWT, 2009 WL

---

[1] The Complaint is replete with unfounded allegations of improper conduct on the part of Mr. Mason but the only relief sought against him personally is a declaration that he and Mason Capital "be adjudged as alter egos and that Mason Capital's corporate form and any purported separate existence be disregarded." (Compl., Prayer for Relief, ¶ 1 at 144)  It is not clear that even this cause of action actually lies against Wayne Mason since it seeks a declaration as to Mason Capital's corporate form.  All of the other causes of action, though, seek to void transfers to others and certainly are not claims against Wayne Mason personally.

1562876, at *1 (N.D. Ga. May 29, 2009). "[I]f as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (internal quotations and citations omitted) "The purpose of [Rule 12(b)(6)] is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Adv. Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993). Thus, if there is no legal basis for the relief that Plaintiff seeks against Wayne Mason, Mr. Mason is entitled to be dismissed from this lawsuit.

## II. Plaintiff's Only Claim Against Wayne Mason Fails As A Matter Of Law.

### A. Outsider Reverse Veil-Piercing Is Expressly Prohibited Under Georgia Law.

Plaintiff's only claim against Wayne Mason seeks a declaration disregarding Mason Capital's corporate form so that Plaintiff can reach that company's assets to satisfy the personal debts of Wayne Mason. This "outsider reverse veil-piercing" has been clearly and unequivocally rejected by the Georgia Supreme Court. *See Acree v. McMahan*, 276 Ga. 880, 881 (2003).

3

In *Acree*, a doctor formed a company to manage a hospital and then formed another company with two other doctors to provide services to that hospital. *Id.* at 880. He later bought out the other two doctors and for two years used funds from the management company to pay amounts owed under the buyout agreement. *Id.* at 880. When he stopped making those payments, one of the other doctors sued him and the management company to recover the rest of the money owed under the buyout agreement. *Id.* at 880. The doctor argued that the plaintiff should not be able to "reverse pierce" the corporate veil to reach the management company's assets in order to satisfy the doctor's personal debts. *Id.* at 880. The Georgia Court of Appeals rejected the doctor's argument and found in favor of the plaintiff on the reverse veil-piercing issue.

The Georgia Supreme Court granted certiorari specifically "to consider whether the doctrine of reverse piercing of the corporate veil can be applied in this state." *Id.* at 881 (Ga. 2003). "Outsider reverse veil-piercing," the Court observed, "extends the traditional veil-piercing doctrine to permit a third-party creditor to pierce the veil to satisfy the debts of an *individual* out of the corporation's assets." *Id.* at 881 (emphasis in original) (internal quotations and citations omitted). On the issue presented, the Georgia Supreme Court held:

> We reject reverse piercing, at least to the extent that it would allow an 'outsider,' such as a third-party creditor, to pierce the veil in order to reach a corporation's assets to satisfy claims against an individual corporate insider." *Id.* at 881 (emphasis added).[2]

As would be expected, every Georgia court that has addressed this issue since the Supreme Court's *Acree* ruling has reaffirmed this prohibition against outsider reverse veil-piercing. *See, e.g., Holiday Hospitality Fran., Inc. v. Noons*, 749 S.E.2d 380 (Ga. App. 2013), cert. denied (Jan. 21, 2014) (rejecting outsider reverse veil-piercing and holding that "as *Acree* is a Supreme Court decision, we are without authority to alter or amend it"); *Carrier 411 Services, Inc. v. Insight Tech., Inc.*, 744 S.E.2d 356, 360 (Ga. App. 2013), cert. denied (Oct. 21, 2013)

---

[2] One of the rationales for rejecting outsider reverse veil-piercing is that "to the extent that the corporation has other non-culpable shareholders, they obviously will be prejudiced if the corporation's assets can be attached directly." *Id.* at 874 (quoting *Cascade Energy and Metals Corp. v. Banks*, 896 F.2d 1557, 1577(I)(D)(2) (10th Cir.1990)). This rationale is applicable here. As Plaintiff concedes in its Complaint, Mason Capital has multiple shareholders, each of which has its own shareholders. (Compl., ¶¶ 99, 101, 103 and 104) In fact, taking Plaintiff's allegations as true, Wayne Mason "held only 7.54%" of the ownership interest in Mason Capital as of September 1, 2008, with four other shareholders owning the rest. (Compl., ¶ 104) Allowing Plaintiff to use the assets of Mason Capital to satisfy Wayne Mason's personal debts clearly would prejudice these other shareholders. However, as discussed below, the prohibition against outsider reverse veil-piercing applies equally to companies that are 100% owned by the debtor. Therefore, it is not necessary for the Court to consider Mason Capital's ownership structure for it to reject Plaintiff's reverse veil-piercing theory and dismiss Wayne Mason.

("the Georgia Supreme Court has held that there is no cause of action in Georgia for 'reverse-piercing' of the corporate veil, whereby the traditional veil-piercing doctrine is extended to allow a third-party creditor to pierce the veil in order to satisfy the debts of an individual out of the corporation's assets"); *Lollis v. Turner*, 654 S.E.2d 229, 232 (Ga. App. 2007) (reversing the denial of summary judgment on a reverse veil-piercing claim and, after citing to *Acree*, holding that the Plaintiff "cannot use this rejected theory to support her claim…"); *In re Bilbo*, ADV 13-1054, 2014 WL 689097, at *6 (Bankr. N.D. Ga. Feb. 5, 2014) ("Because Georgia does not recognize a general theory of reverse veil piercing—and because this Court should otherwise respect the corporation as an entity, distinct from the Debtor—it appears that, assuming the truth of all facts asserted, there would be no cause of action linking the corporation's assets to the Debtor under a theory of alter-ego or veil piercing"); *Otero v. Vito*, CIVA 5:07-CV-405 CAR, 2009 WL 3063426, at *6 (M.D. Ga. Sept. 22, 2009) (holding that "the decision in *Acree* seems to foreclose veil-piercing in this case, given that Plaintiff is an outside, third-party creditor seeking to satisfy claims against [an individual] out of the assets of corporations and business entities in which he is an insider").

Notwithstanding *Acree* and its progeny, Plaintiff elected to include an outsider reverse veil-piercing claim in its Second Amended Complaint and to add

Wayne Mason as a defendant based solely on this rejected legal doctrine. Plaintiff asks this Court to do that which the Georgia Supreme Court has specifically prohibited: to allow Plaintiff, a third-party creditor, to pierce Mason Capital's corporate veil in order to reach that corporation's assets to satisfy claims against an individual, Wayne Mason. Because Plaintiff's only claim against Mr. Mason fails as a matter of law, he is entitled to be dismissed from this case.

    B.    There Are No Applicable Exceptions To The Prohibition Against <u>Reverse Veil-Piercing.</u>

Plaintiff alleges in Count I that Mr. Mason "abused the corporate form and improperly used Mason Capital as a corporate subterfuge to evade creditors and perpetuate a fraudulent scheme." (Comp. ¶ 156). Based on this and other baseless allegations in Plaintiff's Complaint, Mr. Mason anticipates that Plaintiff may argue for a fraud exception to the clear and unequivocal prohibition against outsider reverse veil-piercing. However, a Georgia court has expressly rejected such an exception in a case with allegations virtually identical to those in Plaintiff's Count I. *See Noons*, 324 Ga. App. at 71.

In that case, a judgement creditor sought to reach the assets of what it alleged were "sham corporations" set up by the judgement debtor to hide his assets. *Id.* at 70. The creditor acknowledged that *Acree* had rejected outsider reverse veil-piercing but argued that public policy required a "narrow exception to

*Acree* to allow outsider reverse piercing of the corporate veil in single shareholder corporations that are alter egos or frauds." *Id.* at 380.  The Georgia Court of Appeals rejected that argument, affirming the judgment of the trial court that the judgment creditor could not reach the assets of the alleged "sham corporations" because no such fraud exception existed.  *Id.* at 71.

Therefore, even if Plaintiff could establish that Wayne Mason was operating Mason Capital as a "corporate subterfuge" to "perpetuate a fraudulent scheme," which it cannot, it still would not be entitled to a declaration from this Court reverse piercing Mason Capital's corporate veil.  Because its only claim against Wayne Mason is prohibited as a matter of law, Mr. Mason is entitled to be dismissed from this case.

### III. Wayne Mason Joins Other Motions To Dismiss.

As set forth above, the only claim for relief against Wayne Mason is Count I seeking a declaration that Wayne Mason is an alter ego of Mason Capital.  For the reasons set forth above, this Count must fail and Wayne Mason should be dismissed.  To the extent that it is contended that other claims or counts also apply to Wayne Mason, Mr. Mason expressly joins and incorporates by reference as though fully set forth herein Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, and supporting Brief, which seeks to dismiss all other counts

8

in the Complaint. Furthermore, Wayne Mason also expressly joins and incorporates by reference as though fully set forth herein Defendant Lone Pine, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction and supporting Brief.

## CONCLUSION

For the reasons set forth above, any and all counts in the Second Amended Complaint against Wayne Mason should be dismissed with prejudice and Mr. Mason should be dismissed as a defendant from this case.

This 20th day of October, 2015.

>DOFFERMYRE SHIELDS
>CANFIELD & KNOWLES, LLC
>
>/s/ Jonathan M. Palmer
>Everette L. Doffermyre, Esq.
>Georgia Bar No. 224750
>Jonathan M. Palmer, Esq.
>Georgia Bar No. 453452
>1355 Peachtree Street, N.E., Suite 1900
>Atlanta, Georgia  30309
>Phone: 404-881-8900
>Fax:  404-920-3246
>edoffermyre@dsckd.com
>jpalmer@dsckd.com
>
>*Counsel for Defendant Wayne Mason*

## PAGE AND TYPE CERTIFICATION

Pursuant to LR 7.1D, NDGA counsel certifies that this Brief has been prepared with, at minimum, one of the font and point selections approved by the Court in LR 5.1C.

This 20th day of October, 2015.

                                              DOFFERMYRE SHIELDS
                                              CANFIELD & KNOWLES, LLC

                                              <u>/s/ Jonathan M. Palmer</u>
                                              Everette L. Doffermyre, Esq.
                                              Georgia Bar No. 224750
                                              Jonathan M. Palmer, Esq.
                                              1355 Peachtree Street, N.E., Suite 1900
                                              Atlanta, Georgia  30309
                                              Phone: 404-881-8900
                                              Fax:  404-920-3246
                                              edoffermyre@dsckd.com
                                              jpalmer@dsckd.com

                                              *Counsel for Defendant Wayne Mason*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **EDGEFIELD HOLDINGS, LLC,** ) | |
| ) | **CIVIL ACTION** |
| **Plaintiff,** ) | |
| ) | **NO. 1:15-CV-02481-WSD** |
| **vs.** ) | |
| ) | |
| **ANNETTE MASON,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## CERTIFICATE OF SERVICE

This is to certify that on this day, I have served a true and exact copy of **DEFENDANT WAYNE MASON'S BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** to the below listed counsel of record in the above-referenced case with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record, thereby satisfying the obligation of service on them:

| | |
|---|---|
| JASON JON DEJONKER, ESQ.<br>M. RYAN PINKSTON, ESQ.<br>SEYFARTH SHAW LLP-IL<br>Suite 2400<br>131 S. Dearborn St<br>Chicago, IL 60603<br>312-460-5000<br>jdejonker@seyfarth.com<br>rpinkston@seyfarth.com | SHUMAN SOHRN, ESQ.<br>SEYFARTH SHAW, LLP-ATL<br>Suite 2500<br>1075 Peachtree Street, NE<br>Atlanta, GA 30309<br>404-885-1500<br>Fax: 404-892-7056<br>ssohrn@seyfarth.com |

BYUNG J. PAK, ESQ.
CHALMERS PAK & BURCH LLC
5805 State Bridge Road
Suite G77
Johns Creek, GA 30097
678-637-2654
Fax: 866-598-6646
bpak@cpblawgroup.com

This 20th day of October, 2015.

                                          DOFFERMYRE SHIELDS
                                          CANFIELD & KNOWLES, LLC

                                          /s/ Jonathan M. Palmer
                                          Everette L. Doffermyre, Esq.
                                          Georgia Bar No. 224750
                                          Jonathan M. Palmer, Esq.
                                          Georgia Bar No. 453452
                                          1355 Peachtree Street, N.E., Suite 1900
                                          Atlanta, Georgia  30309
                                          Phone: 404-881-8900
                                          Fax:  404-920-3246
                                          edoffermyre@dsckd.com
                                          jpalmer@dsckd.com

                                          *Counsel for Defendant Wayne Mason*